doubt as to defendant's guilt, he is entitled to an acquittal." (*People* v. *Barbato*, 254 N. Y. 170, 179.) Concur — Botein, P. J., Breitel, Stevens and Bergan, JJ.; McNally, J., dissents and votes to affirm.

GOLDIE LAZARUS et al., Respondents, v. SKOURAS THEATRES CORPORATION, Appellant.— Judgment unanimously reversed, on the law and on the facts, and the complaint dismissed, with costs. Plaintiff, while in the course of leaving defendant's motion picture theatre, collided with another patron in the inner lobby. The accident occurred on a week night, when a second-run picture was being exhibited, and defendant had no reason to anticipate a large audience. In fact, the highest estimate given during the trial, one that was patently excessive, was that the theatre was filled to half its capacity. We need not comment on the equivocal and unsatisfactory testimony of plaintiff and the witnesses she produced. Giving full credence to their account of the manner in which the accident occurred, the incident could not reasonably have been anticipated by defendant. There was no showing that the supervision under the circumstances was inadequate, that the lobby in fact was dangerously crowded, or that all reasonable protective measures that could have been provided by defendant would have averted the sudden bumping of the heads of plaintiff and another patron that gave rise to this lawsuit. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.

WILLIAM D. LUNNEY, Appellant-Respondent, v. DOVER GARAGE, INC., et al., Respondents-Appellants.— Order, dated June 25, 1959, setting aside a verdict for $35,000 in favor of plaintiff on the ground of excessiveness and ordering a new trial, and denying defendant's motions to dismiss, unanimously affirmed, with costs to the defendants-respondents-appellants. The time specified by the Trial Term in which the plaintiff might stipulate to a reduction of the verdict having passed, such time is not extended, and it follows that the verdict stands set aside as excessive unconditionally. Concur — Rabin, J. P., Valente, McNally and Bergan, JJ.

In the Matter of ANITA MORRIS, Petitioner, against WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Determination annulled on the law and on the facts, and the petition granted, without costs, and the respondent Commissioner of Motor Vehicles is directed to restore the petitioner's operator's license. Petitioner's license to operate a motor vehicle was revoked pursuant to section 71 (subd. 3, par. [e]) of the Vehicle and Traffic Law upon a finding that she had been guilty of gross negligence in the operation of her automobile. In our opinion, there was no substantial evidence to establish that petitioner's conduct demonstrated that excessive carelessness and utter disregard of the consequences which are characteristic of gross negligence. Concur — Botein, P. J., Valente, Stevens and Bergan, JJ.

NICHOLAS A. KARGER, Respondent, v. PIERRE F. NESI, Appellant, et al., Defendants.— Order, dated May 17, 1960, denying application to vacate the order of arrest, unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.

NICHOLAS A. KARGER, Respondent, v. PIERRE F. NESI et al., Defendants, and SID FARBER, Appellant.— Order, dated April 26, 1960, denying application to dismiss the complaint, unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.

MURIEL D. KELLER, Respondent, v. QUAD REALTY CORP. et al., Defendants, and ELIZABETH SEVERSKY, Intervenor-Defendant. NORO REALTY CORP.,